UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLOREE SAPIO,

                Plaintiff,

         v.

SELUX CORPORATION et al.,

                Defendants.
_____

1:19-cv-11
(GLS/CFH)

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Ryanne Konan Law Office & Legal Services    RYANNE G. KONAN, ESQ.
4 Marshall Road, Suite 107
Wappingers Falls, NY 12590

**FOR THE DEFENDANTS:**
Bond, Schoeneck & King, PLLC    ROBERT F. MANFREDO, ESQ.
22 Corporate Woods Blvd., Suite 501
Albany, NY 12211

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff Gloree Sapio commenced this action against defendants Selux Corporation, Yvonne Rivera, and Ed Wolf, alleging racial discrimination pursuant to 42 U.S.C. § 1981 and New York Human Rights

Law[1] ("NYHRL"), as well as fraud and misrepresentation. (Am. Compl., Dkt. No. 20.) Before the court is defendants' motion to dismiss for failure to state a claim. (Dkt. No. 23.) For the reasons that follow, the motion is granted.

## II. Background[2]

Sapio, an Asian-American female originally from the Philippines, began working for Selux as an executive assistant to the vice president of engineering and operations in January 2011. (Am. Compl. ¶¶ 6, 10.) In this role, she supported the director of engineering and the vice president for manufacturing. (*Id.* ¶ 11.)

In January 2018, Selux, "through its human resources department employees[, Rivera and Wolf,] informed [Sapio] that her position as executive assistant had been eliminated," because there "was already an executive assistant to the vice president," as well as a "newly hired administrative assistant" for additional support. (*Id.* ¶ 14.) Both the executive assistant and the administrative assistant are Caucasian. (*Id.*) Sapio inquired about other available positions, but was told that there was

---

[1] *See* N.Y. Exec. Law. §§ 290-301.

[2] The facts are drawn from Sapio's amended complaint, (Dkt. No. 20), and presented in the light most favorable to her.

2

no other position available for her at Selux.  (*Id.* ¶ 15.)  She then signed a "separation agreement," without a lawyer, which "released [d]efendants of any lawsuits and claims."  (*Id.* ¶ 17.)

In July 2018, Sapio "was informed that the vice president . . . had hired . . . a Caucasian woman" executive assistant; she was a former human resources assistant who "was promoted to the position of executive assistant to [the] vice president."  (*Id.* ¶ 18.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV.  Discussion

**A.  Federal Claim**

Defendants argue that Sapio fails to state a race discrimination claim because her allegations are vague and conclusory, and do not raise a plausible inference of race discrimination.[3]  (Dkt. No. 23, Attach. 1

---

[3] Defendants also argue, (Dkt. No. 23, Attach. 1 at 9-17), and Sapio disagrees, (Dkt. No. 23, Attach. 1 at 6-10), that she released all claims against defendants under the "separation agreement."  However, as discussed herein, because Sapio fails to plausibly allege a race discrimination claim, the court need not reach this issue.

3

at 21-23.)  In response, Sapio contends that because she was told that her position had been terminated, and because her position was, in fact, not terminated, and assigned to a Caucasian woman, there is a presumption of racial discrimination.  (Dkt. No. 24 at 10-12.)

Claims of discrimination under 42 U.S.C. § 1981 are analyzed under the same standard as Title VII claims.  *See Pertillar v. AAA W. & Cent. New York*, No. 5:16-CV-238, 2018 WL 583115, at *7 (N.D.N.Y. Jan. 26, 2018) ("The standards applicable to [the plaintiff's] Section 1981 claims are the same as those applicable to his Title VII claims." (citations omitted)); *Brown v. State Univ. of N.Y.*, No. 3:12-CV-411, 2015 WL 729737, at *3 n.7 (N.D.N.Y. Feb. 19, 2015) ("Both the Supreme Court and Second Circuit have treated the substantive issues arising under Title VII and § 1981 identically." (alteration and citations omitted)).  Thus, a plaintiff asserting a discrimination claim under § 1981 must show that: "(1) she is a member of the protected class; (2) she is qualified for the job; (3) she suffered an adverse employment action; and (4) the circumstances surrounding the adverse action give rise to an inference of discrimination."  *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 222 (N.D.N.Y. 2014) (citations omitted).

Sapio has arguably met the first three prongs: (1) she is an

Asian-American female from the Philippines, and thus is a member of a protected class, *see* 42 U.S.C. § 2000e-2(a)(1); (2) she worked for Selux prior to her termination, which is sufficient to satisfy that she was qualified for the position, *see Bowman v. Granny's Kitchen, LLC*, No. 6:14-cv-00585, 2015 WL 541276, at *4 (N.D.N.Y. Feb. 10, 2015); and (3) she was terminated from her position at Selux, *see Abboud v. County of Onondaga*, 341 F. Supp. 3d 164, 179 (N.D.N.Y. 2018) ("An adverse employment action is a materially adverse change in the terms and conditions of employment . . . [that] is more disruptive than a mere inconvenience or an alteration of job responsibilities.  Examples of materially adverse changes include termination of employment." (internal quotation marks and citations omitted)).

     However, as to the fourth prong, Sapio fails to plausibly allege that the circumstances surrounding her termination give rise to an inference of race discrimination.  She claims that the "termination was motivated by [her] race"; her "race was the motivating factor in the decision of [Selux's] management to terminate [Sapio's] employment"; her "employment was terminated because she was Asian," and because defendants "wanted to replace [her] with a Caucasian employee"; and that defendants "took

5

numerous overt steps in furtherance of [depriving Sapio of her constitutional rights] by terminating [her] employment based upon the color of her skin." (Am. Compl. ¶¶ 25, 30, 32, 33, 52.) These general and conclusory allegations do not suffice. *See Pertillar*, 2018 WL 583115, at *6 ("I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class) . . . is a false syllogism . . . that does not support any inference of discrimination." (citation omitted)). Further, the mere fact that a Caucasian woman was hired after Sapio does not create a presumption of racial discrimination. *See Banks v. Corr. Servs. Corp.*, 475 F. Supp. 2d 189, 200 (E.D.N.Y. 2007) (dismissing a race discrimination claim where the plaintiff alleged that "he was replaced by a white male, . . . but otherwise provide[d] no indication that his race played a role in his termination" (citations omitted)).

Accordingly, Sapio's racial discrimination claim pursuant to 42 U.S.C. § 1981 is dismissed.

**B.** **State Law Claims**

"It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline

to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) (citations omitted). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity[.]" *Id.* (citation omitted). Here, because the court dismisses Sapio's only federal claim against defendants, the court declines to exercise supplemental jurisdiction over her state law claims.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 23) is **GRANTED**; and it is further

**ORDERED** that Sapio's amended complaint (Dkt. No. 20) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

7

May 6, 2020
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge