**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GLOREE SAPIO,**

               **Plaintiff,**

v.

**SELUX CORPORATION et al.,**

               **Defendants.**

**1:19-cv-11
(GLS/CFH)**

_____

## SUMMARY ORDER

Plaintiff Gloree Sapio commenced this action against defendants Selux Corporation, Yvonne Rivera, and Ed Wolf, alleging racial discrimination pursuant to 42 U.S.C. § 1981 and New York Human Rights Law[1] (NYHRL), as well as fraud and misrepresentation. (Am. Compl., Dkt. No. 20.)

On May 14, 2021, the Court of Appeals for the Second Circuit issued a mandate which vacated this court's Memorandum Decision and Order that granted summary judgment to defendants.[2] (Dkt. No. 31.) As relevant

---

[1] *See* N.Y. Exec. Law. §§ 290-301.

[2] The court presumes the parties' familiarity with the factual background of this action, which is set out in full in the court's May 6, 2020 Memorandum-Decision and Order. (Dkt. No. 26 at 1-3.) Likewise, the standard of review pursuant to Fed. R. Civ. P. 12(b)(6) will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

here, the Second Circuit determined that this court "did not reach the issue of whether, as [d]efendants contend, Sapio released her claims pursuant to a waiver provision in her separation agreement with Selux." (*Id.* at 2.) The Second Circuit noted that "[d]efendants are free on remand to renew their contention that Sapio has released her claims." (*Id.* at 3.) Accordingly, defendants renewed their motion to dismiss, (Dkt. Nos. 23, 34), and the court ordered supplemental briefing, (Dkt. No. 35). For the following reasons, defendants' motion to dismiss, (Dkt. No. 23), is denied.

Defendants contend that Sapio's complaint must be dismissed because she voluntarily signed a valid and unambiguous release from liability, contained in the separation agreement between Sapio and Sulex (hereinafter "the Release"). (Dkt. No. 23, Attach. 1 at 9-17; Dkt. No. 37 at 2-4.) Defendants further contend that, "[e]ven if [Sapio] could allege a legally plausible claim for fraud, [her] claims still must be dismissed because [she] ratified the [Release] and failed to tender back the consideration paid to her prior to the commencement of this action." (Dkt. No. 23, Attach. 1 at 20.)

At this stage in the case, Sapio has adequately alleged that the Release was voidable because she entered into it as a result of

2

defendants' fraud. Specifically, Sapio states that defendants informed her that her position at Selux was being eliminated, when it was not, and, in fact, it remained "available at the time [her] employment was terminated." (Am. Compl. ¶¶ 14, 18, 19, 35, 36, 67, 68, 76, 82, 86.) Sapio further states that defendants knew this to be true, but "concealed" it from her, in order to "induce [her] to sign [the] [R]elease, and terminate her employment with [Selux]" so that they could replace her with a Caucasian. (*Id.* ¶¶ 78, 79, 80, 85.) Ultimately, Sapio claims that she was "deceived by [d]efendants in order to sign the [R]elease." (*Id.* ¶¶ 75, 81, 83, 87.) Based on these facts, Sapio has adequately pleaded at this stage that she did not voluntarily sign a valid and unambiguous release, but, rather, that the Release was voidable as a result of defendants' alleged fraud.³ *See Landau v. Am. Intern. Group, Inc.*, No. 97 Civ. 3465, 1997 WL 590854, at *3 (S.D.N.Y. Sept. 23) ("A contract, such as a release, is voidable if it is a product of fraud, duress, mistake or infancy." (citation omitted)).

---

³ These allegations are sufficient under Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud claims. *See PetEdge, Inc. v. Garg*, 234 F. Supp. 3d 477, 491 (S.D.N.Y. 2017) (quoting *S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.*, 84 F.3d 629, 634 (2d Cir. 1996)) ("A plaintiff can satisfy [Fed. R. Civ. P. 9(b)'s] requirement by (1) alleging facts to show that defendant had both motive and opportunity to commit fraud, or by (2) alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." (internal quotation marks and citation omitted)).

Therefore, the remaining question is whether Sapio ratified the Release by failing to tender back the consideration she received for signing it before filing suit. Given that the doctrines of ratification and tender-back are factually related, they are "often lumped together for analytical purposes." *Davis v. Eastman Kodak Co.*, No. 04-CV-6098, 2007 WL 952042, at *6 (W.D.N.Y. Mar. 29, 2007). "[The] tender[ ]back rule requires that a party must tender back the consideration received for a release before that party may attack the validity of the release." *Chemical Bank v. Kausmeyer*, No. 4:15CV1850, 2016 WL 7178662, at *5 (N.D. Ohio Dec. 9, 2016) (internal quotation marks and citations omitted). "New York has abolished the 'tender back' rule." *Cavelli v. N.Y.C. Dist. Council of Carpenters*, 816 F. Supp. 2d 153, 166 (E.D.N.Y. 2011) (citing N.Y. C.P.L.R. 3004). Federal courts have also refused to enforce the tender back rule in lawsuits involving federal statutes.[4] Thus, neither Sapio's

---

[4] *See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427-28 (1998) (finding that tending back payment was not a prerequisite to bringing a suit under the Older Worker Benefit Protection Act or the Age Discrimination in Employment Act); *Hogue v. Southern R.R. Co.*, 390 U.S. 516, 517 (1968) (holding that a plaintiff was not required to tender back payments received prior to bringing suit under the Federal Employers Liability Act); *McClellan v. Midwest Machining, Inc.*, 900 F.3d 297, 307 (6th Cir. 2018) (ruling that the tender back doctrine does not apply to claims brought under Title VII or the Equal Pay Act); *Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d 770, 784 (3d Cir.2007) (same for ERISA cases); *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir.1993) (recognizing the bar on the tender back rule established in *Oubre* was "generalizable to suits under other federal compensatory statutes" and finding no tender back requirement to bring a 42 U.S.C. § 1983 suit).

4

federal or state law claims are barred *solely* by the fact that she did not tender back the consideration she received for signing the Release prior to filing suit.[5]

Courts have, however, held that failure to tender back the consideration received under a voidable release can indicate ratification of said release. *See Nicomedez v. AIG*, No. 12 Civ. 490, 2012 WL 5264560, at *4 (S.D.N.Y. Oct. 12, 2012) ("Upon learning that a [release] is voidable (*i.e.* once the duress is removed or the fraud uncovered), the releasing party must promptly repudiate the . . . release or she will be deemed to have ratified it." (internal quotation marks and citations omitted)). "Courts have found ratification where a releasing party waited as little as six months to repudiate the [voidable] release." *Id.* (citations omitted).

Finally, "repudiation is generally an issue of fact." *Cocuzza v. Falco*, No. 16 CV 9868, 2017 WL 3207812, at *4 (S.D.N.Y. July 27, 2017) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 112 (2d Cir. 2010)); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437-38 (2d Cir. 1998) ("[T]he validity of a release is a peculiarly fact-sensitive inquiry.").

---

[5] On March 11, 2019, Sapio tendered back the consideration she received as a result of the signing the Release. (Am. Compl. ¶ 22.)

5

Here, Sapio alleges that she learned of the fraud on July 25, 2018. (Am. Compl. ¶ 18.)  Further, she clearly repudiated the Release on January 4, 2019, at the latest, when she commenced the present action. (Compl., Dkt. No. 1.)  Accordingly, this repudiation, (Compl. ¶ 33; Am. Compl. ¶ 38 ("[T]he [R]elease signed by [Sapio] was a voidable release"), occurred, at the latest, less than six months after uncovering the alleged fraud.  Further, Sapio alleges that she filed a claim with the Equal Employment Opportunity Commission on or about August 9, 2018,  (Am. Compl. ¶ 20), and tendered back the consideration she received for signing the lease on March 11, 2019, (*id.* ¶ 22).  At this stage in the case, and based on the record before the court, these allegations are sufficient to defeat defendants' argument that Sapio ratified the Release.  *See Cocuzza*, 2017 WL 3207812, at *5 (holding that, where defendants alleged, among other things, that "plaintiffs ratified the releases by accepting the payment of vacation pay, which they would not have received if they were terminated for cause; and . . . by delaying their repudiation [of the release]," the existence of a repudiation by plaintiff was a question of fact that could not be "resolved on a motion to dismiss").  For this reason, along with the fact that Sapio has adequately pleaded that the Release was

6

voidable, defendants' motion to dismiss is denied.

Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 23) is **DENIED**; and it is further

**ORDERED** that defendants shall respond to the amended complaint, (Dkt. No. 20), within the time allotted by the Rules; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Christian F. Hummel to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

October 18, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge